UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOREN MICHELLE TOELLE,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Crim. Case No. 2:16-cr-00019-BLW<br>Civil Case No.  2:23-cv-00022-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

# INTRODUCTION

Before the Court is Loren Michelle Toelle's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. *See* Dkt. 1. The United States has moved to dismiss the motion for various reasons, including that it is time barred. For the reasons explained below, the Court agrees and will grant the government's motion to dismiss.

# BACKGROUND

In January 2017, Ms. Toelle pleaded guilty to conspiracy to distribute controlled substances and conspiracy to launder money. *See* Cr. Dkt. 284.[1] She was sentenced to 212 months' incarceration, followed by five years' supervised

---

[1] References to "Cr. Dkt." refer to docket entries in the criminal case while "Civ. Dkt." refer to filings in the civil case.

release. *See Judgment,* Cr. Dkt. 423. Ms. Toelle appealed her conviction, which the Ninth Circuit later dismissed. *See* Cr. Dkt. 546, 548.

## ANALYSIS

A federal prisoner who is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States" may file a § 2255 motion with the district court that imposed the sentence. *See* 28 U.S.C. § 2255(a). Such a motion must be filed within one year from the date on which the defendant's conviction becomes final, unless an exception applies. *Id*. § 2255(f)(1).

Here, the Ninth Circuit issued its mandate over five years ago – in June 2018. *See* Cr. Dkt. 548. Yet Ms. Toelle did not file her motion until over four years later, in January 2023. In an effort to render her motion timely, Ms. Toelle relies upon sub-sections (f)(3) and (4) of 28 U.S.C. § 2255. *See Motion,* Civ. Dkt. 1, ¶ 18. Neither sub-section applies.

Sub-section (f)(3) provides that a § 2255 motion is timely if: (1) it asserts a "right ... newly recognized by the Supreme Court," (2) it is filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court," and (3) the Supreme Court or controlling Court of Appeals has declared the right retroactively applicable on collateral review. *See Dodd v. United States*, 545 U.S. 353, 358-59 (2005). As both the text of § 2255(f)(3) and Supreme Court

precedent clarify, only the Supreme Court may "recognize" a new right under § 2255(f)(3). *Dodd*, 545 U.S. at 357-59. Here, Ms. Toelle fails to explain which Supreme Court decision recognized a new right that retroactively applies to her case. She does cite a Supreme Court decision – *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) – but she does not explain how this decision applies to her case. Further, even if *Kisor* did apply, it was decided in 2019, so the motion would still be untimely under 28 U.S.C. § 2255(f)(3).

The motion is also untimely under 28 U.S.C. § 2255(f)(4). That section provides that a motion is timely if it filed within one year of the date on which the facts supporting the motion could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). Ms. Toelle has failed to show that any facts were newly discovered or that she acted diligently. As such, she cannot rely upon § 2255(f)(4) to render her motion timely.

Finally, even assuming this motion was timely, the Court has carefully considered each of Ms. Toelle's substantive arguments and finds them unavailing for the reasons spelled out in the government's thorough briefing.

**ORDER**

**IT IS ORDERED that** Movant Loren Toelle's Motion under 28 U.S.C. § 2255 (Cr. Dkt. 587 & Civ. Dkt. 1) is **DISMISSED** and the Court **DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY.**

DATED: July 18, 2023

B. Lynn Winmill
U.S. District Court Judge